Decided 11 August, 1899.

**OREGON REAL EST. CO. v. MULTNOMAH COUNTY.**

[58 Pac. 106.]

TAXES—INJUNCTION—COSTS OF COLLECTION.—An injunction will not issue to restrain the collection of an additional percentage on taxes imposed to cover the costs and expenses of keeping the tax roll open beyond the period prescribed by statute even if such addition is unauthorized, where there has been no attempt to collect such percentage by legal means, and no such attempt has been threatened.

From Multnomah :    JOHN B. CLELAND, Judge.

Bill by the Oregon Real Estate Company against Multnomah County and the sheriff thereof. From a decree granting plaintiff a part of the relief sought, defendants appeal.                    REVERSED.

For appellants there was a brief over the names of *Carey & Mays* and *Russell E. Sewall*, District Attorney, with an oral argument by *Mr. Chas. H. Carey.*

For respondent there was a brief over the name of *Pipes & Tifft*, with an oral argument by *Mr. Martin L. Pipes.*

MR. JUSTICE BEAN delivered the opinion of the court.

This suit was brought to restrain the collection of taxes on the twenty per centum added by the State Board of Equalization in 1896 to the valuation of plaintiff's real property in Multnomah County as appraised by the assessor, and also to enjoin the collection of two per cent. on the taxes of the plaintiff, imposed by the county court to cover the costs and expenses of keeping the tax roll open beyond the period prescribed by statute. Upon the authority of *Dayton* v. *Board of Equalization*, 33 Or. 131 (50 Pac. 1009, and 55 Pac. 23), the court below denied the relief first prayed for, but entered a decree perpetually enjoining the collection of the additional two per cent. From this decree the county appeals, claiming that the orders of the county court imposing such per cent. were legal and valid ; but, if not, that the plaintiff has mistaken its remedy. The facts necessary to an understanding of the questions thus raised are that the tax roll for 1896 was not prepared or delivered to the sheriff until the twenty-seventh of March, 1897, and in the short time intervening between that date and the first of the following month, when by statute the sheriff was required to make

a return of unpaid and delinquent taxes, it was impossible for him to collect any considerable amount of taxes, and by common consent he continued to collect taxes on the original roll.  On the seventeenth of May, the county court, proceeding on the theory that the law contemplated that the tax rolls should be kept open for three months, made an order that collections thereon should be closed after June 27, and that thereafter the costs of collection should be added to each tax.  The roll was thereupon kept open continuously until the seventh of July, 1897, when the county court made another order directing the sheriff to receive taxes up to and inclusive of the twenty-fifth of August, but that costs be added to those then unpaid in the sum of one per cent. upon the amount of each tax.  Afterwards, and in September, 1897, the court made another order reciting that the return of a delinquent list for 1896 was not desirable, and that the one per cent. heretofore directed to be added to all unpaid taxes is sufficient to meet the costs of collection, and directing the sheriff to still continue the collection of taxes on the original roll, but that after the tenth of September, 1897, there be added one per cent. more upon the amount of each tax then remaining unpaid, making a total of two per cent.  Thereafter, and while the original assessment roll was still in the hands of the sheriff, and before any return had been made thereon, or any delinquent list made up, or warrant issued commanding or authorizing him to levy upon the real estate of the plaintiff or any other taxpayer, this suit was begun for the purpose already indicated.

It is not necessary to pass upon the validity of the several orders of the county court, because, even if it be assumed that they were illegal, the injunction to restrain their enforcement was erroneous.  The mere illegality of the orders is not a sufficient ground for an

injunction, and at the time this suit was commenced the sheriff was not attempting to enforce them, nor did he have the power or authority to do so. The warrant attached to the tax roll in his hands did not authorize him to levy upon real estate, and it is admitted that plaintiff had no personal property. All he was doing at the time was keeping the roll open, in pursuance of the orders of the county court, for the voluntary payment of taxes. He was powerless to enforce the collection of the plaintiff's taxes, or of the amount added thereto by the county court. He had made no return of a delinquent list, and had no warrant authorizing him to levy upon and sell the real estate of the plaintiff for the payment of its taxes. In short, there was nothing at that time but the mere orders of the county court that two per cent. be added to all unpaid taxes without direction to or authority in the sheriff to collect or attempt to collect such per cent. The orders did not direct him to do so, and, if they had, it would not follow that he would attempt to obey them, or that such per cent. would be added to the plaintiff's taxes, and returned by him as delinquent if not paid, or that, if he should make such return, a warrant would be issued directing or authorizing him to levy upon and sell the real estate of the plaintiff in payment thereof, or, if such warrant should be issued, that he would attempt or endeavor to execute it. Certainly, under such circumstances, a court of equity is not authorized to interfere by injunction. It follows that the decree of the circuit court, in so far as it undertakes to enjoin and restrain the collection of the two per cent. of the plaintiff's taxes, imposed by the county court for the costs of collection, is erroneous, and must be reversed.

REVERSED.